WINDELS MARX LANE & MITTENDORF, LLP
*Successor Attorneys for Roy Babitt, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
(212) 237-1000

Attorneys appearing:  Alan Nisselson (anisselson@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MORGAN & FINNEGAN, L.L.P<br><br>Debtor. | Chapter 7<br><br>Case No. 09-11203 (RDD) |
| ROY BABITT, Trustee for the Chapter 7 Estate of MORGAN & FINNEGAN, L.L.P.,<br><br>Plaintiff,<br><br>-against-<br><br>POLLACK & KAMINSKY, DANIEL A. POLLACK, MARTIN I. KAMINSKY, EDWARD T. MCDERMOTT, ANTHONY ZACCARIA, JUSTIN CHU AND W. HANS KOBELT,<br><br>Defendants. | Adv. Pro. No. 11-01675 (RDD) |

**STIPULATION AND ORDER EXTENDING DEFENDANTS POLLACK & KAMINSKY, DANIEL A. POLLACK, AND MARTIN I. KAMINSKY TIME TO ANSWER, PLEAD TO, OR MOVE AGAINST COMPLAINT THROUGH AND INCLUDING MAY 16, 2011 AND DISCONTINUING THIS ACTION WITHOUT PREJUDICE AS TO DEFENDANTS EDWARD T. MCDERMOTT, ANTHONY ZACCARIA, JUSTIN CHU AND W. HANS KOBELT**

This Stipulation is made as of April 13, 2011 by and between Plaintiff Roy Babitt (the "Plaintiff" or the "Trustee"), as trustee for the chapter 7 estate of Morgan & Finnegan, L.L.P. (the "Debtor"), by and through his successor attorneys, Windels Marx Lane & Mittendorf, L.L.P. ("Windels Marx") and Martin I. Kaminsky, Esq. as counsel for defendants Pollack & Kaminsky,

{10634875:2}

Daniel A. Pollack, Martin I. Kaminsky, Edward T. McDermott, Anthony Zaccaria, Justin Chu and W. Hans Kobelt (the "Defendants" and collectively with the Plaintiff, the "Parties").

**Recitals**

A. On March 16, 2011, Plaintiff, by his counsel, Windels Marx Lane & Mittendorf, LLP, commenced this action (the "Adversary Proceeding") by filing a Complaint against the Defendants in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B. On March 17, 2011, Plaintiff duly served all the Defendants with the Summons and Notice of Pre-Trial Conference ("Summons") and the Complaint. Pursuant to the Summons, the Defendants' time to answer or otherwise respond to the Complaint was fixed as April 15, 2011.

C. On April 4, 20011, the parties have agreed to extend the Defendants' time to answer, move or otherwise respond to the Complaint by thirty-one (31) days to and through May 16, 2011.

D. On April 8, 2011 Martin I. Kaminsky advised Windels Marx that defendants Edward T. McDermott, Anthony Zaccaria, Justin Chu and W. Hans Kobelt (the "Non-Equity Partners") were non-equity partners of defendant and former law firm Pollack & Kaminsky and requested that the Trustee discontinue this Adversary Proceeding against them.

**NOW THEREFORE**, it is hereby stipulated, consented and agreed to, by and between Plaintiff and the Defendants by their respective undersigned counsel, as follows:

1. The Trustee shall discontinue this Adversary Proceeding as against the Non-Equity Partners without prejudice.

2. To the extent that further discovery or investigation by the Trustee reveals that any or all the Non-Equity Partners must be defendants to this Adversary Proceeding, the Trustee

reserves his right to reassert his claims against any such Non-Equity Partners, as alleged in the Complaint.

3.  Defendants Pollack & Kaminsky's, Daniel A. Pollack's, Martin I. Kaminsky's, time to answer, plead to, or move against the Complaint commencing the above-captioned adversary proceeding is extended thirty-one (31) days to and through May 16, 2011.

4.  The Defendants waive any affirmative defense of lack of personal jurisdiction, insufficient process and insufficient service of process under Federal Rule of Civil Procedure 12(b), as applied by Federal Rule of Bankruptcy Procedure 12(b).

5.  This Stipulation constitutes the entire agreement of the Parties hereto with respect to its subject matter.

6.  The Parties represent that their respective undersigned counsel have the full authority and legal power to execute this Stipulation.  The signature of each Party's representative to this Stipulation constitutes its representation and warranty that it is duly authorized and empowered to enter into, execute, deliver and perform this Stipulation on its respective clients' behalf.

7.  This Stipulation may be executed in facsimile or original counterparts, each of which shall be an original, but all of the counterparts shall together constitute one and the same instrument.

8.  This Stipulation is binding on the Parties and their respective successors and assigns.

9. This Stipulation shall be construed and interpreted in accordance with the bankruptcy laws of the United States and the laws of the State of New York. The Bankruptcy Court shall have exclusive jurisdiction to determine all disputes arising out of this Stipulation.

| Dated: April 13, 2011 | Dated: April 13, 2011 |
|---|---|
| WINDELS MARX LANE & MITTENDORF, LLP<br>*Attorneys for Roy Babitt, Chapter 7 Trustee*<br><br>BY: /s/ Alan Nisselson<br>Alan Nisselson (anisselson@windelsmarx.com)<br>156 West 56th Street<br>New York, New York 10019<br>Tel: (212) 237-1000 | MARTIN I. KAMINSKY, ESQ.<br>*Attorney for Defendants Pollack & Kaminsky, Daniel A. Pollack, Martin I. Kaminsky, Edward T. McDermott, Anthony Zaccaria, Justin Chu and W. Hans Kobelt*<br><br>BY: /s/ Martin I. Kaminsky<br>Martin I. Kaminsky (mikaminskylaw@aol.com)<br>225 Circle Road<br>Muttontown<br>Syosett, New York 11791<br>(917) 847-9894 |

**IT IS SO ORDERED in White Plains, New York, this <u>14th</u> day of April, 2011**

                                              <u>/s/Robert D. Drain</u><br>
                                              **THE HONORABLE ROBERT D. DRAIN**<br>
                                              **UNITED STATES BANKRUPTCY JUDGE**